FILED
2015 Feb-10 PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHERICA EVONNE CARPENTER,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CAROLYN W. COLVIN, Acting** )<br>**Commissioner of Social Security,** )<br>)<br>**Defendant.** ) | **CASE NO. 7:13-CV-1586-SLB** |

## MEMORANDUM OPINION

Plaintiff Sherica Evonne Carpenter brings this action pursuant to 42 U.S.C. § 405(g),[1] seeking review of the Commissioner of Social Security's final decision denying her application for supplemental security income ["SSI"]. Upon review of the record and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

Ms. Carpenter initially filed an application for SSI on April 15, 2010. (Doc. 5-3 at R.35.)[2] Her claim was denied initially. (*Id.*) Thereafter, she requested a hearing before an

---

[1]The judicial review provision for a disability insurance benefits claims, 42 U.S.C. § 405(g), also applies to claims for SSI, *see* 42 U.S.C. § 1383(c)(3).

[2]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Reference to a page numbers in the Commissioner's record, ["R.___"], refers to the page number assigned to the record by the Commissioner.

Administrative Law Judge ["ALJ"], which was held on February 8, 2012, in Tuscaloosa, Alabama. (*Id*.) After the hearing, the ALJ found that Ms. Carpenter was capable of performing "other work that exists in significant numbers in the national economy." (*Id*. at 50.) In light of this finding, the ALJ denied Ms. Carpenter's claim for SSI on May 22, 2012. (*Id.* at R.50-51.)

Ms. Carpenter then requested the Appeals Council to review the ALJ's decision. (*Id*. at 23.) On June 28, 2013, the Appeals Council "found no reason under [its] rules to review the Administrative Law Judge's decision. Therefore, [it] denied [Ms. Carpenter's] request for review," and the ALJ's decision became the final decision of the Commissioner. (*Id*. at R.1.)

The present appeal was filed on August 27, 2013. (Doc. 1.) In her Complaint, Ms. Carpenter alleges, generally, "that the findings of the Commissioner are not based upon substantial evidence and that improper legal standards were applied." (*Id*. ¶ 5.) This court notified the plaintiff that, "[u]nless [she] is proceeding without counsel," she was required to file a brief. (Doc. 6.) Nevertheless, plaintiff, who is represented by counsel, did not file a brief with this court.

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and

whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cor. 1990)(quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983))(internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)(internal quotations and citations omitted)

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius,* 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

With Ms. Carpenter presenting neither argument nor citation to the Commissioner's record, the court reviews the decision of the ALJ only to determine whether it is supported by the evidence he has cited and whether he applied the correct legal standards.

### III. DISCUSSION

**A. THE FIVE-STEP EVALUATION**

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for SSI. *See* 20 C.F.R. § 416.920(a)(1)-(2); *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for SSI benefits] if [she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The specific steps in the evaluation process are as follows:

**1. Substantial Gainful Employment**

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987). The regulations define "substantial gainful activity" as "work activity that is both substantial and gainful."[3]

---

[3]The regulation provides:

(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. § 416.972. If the claimant is working and that work is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience. 20 C.F.R. § 416.920(b). "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 Fed. Appx. 862, 863 (11th Cir. 2012).[4]

The ALJ found that Ms. Carpenter had not engaged in substantial gainful activity since April 15, 2010, the application date. (Doc. 5-3 at R.37.)

**2. Severe Impairments**

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

---

(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572; 20 C.F.R. § 416.972.

[4]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

techniques." 42 U.S.C. § 1382c(a)(3)(D). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 416.920(c). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 416.921(a). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 416.923. A claimant has the burden to show that she has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Carpenter had "'severe' impairments of headaches, conversion disorder and depression." (Doc. 5-3 at R.37.)

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and whether it is equivalent to any one of the listed impairments, which are impairments that are so severe as to prevent an individual with the described impairment from performing substantial gainful

6

activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings]. If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of her age, education, and work experience. 20 C.F.R. § 416.920(d). The claimant has the burden of proving that her impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Carpenter did not have an impairment or combination of impairments that met or medically equaled a Listing. (Doc. 5-3 at R.45.)

**4. Residual Functional Capacity and Past Relevant Work**

If the impairment does not meet or equal the criteria of a Listing, the claimant must prove that her impairment prevents her from performing her past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv), (f). At step four, the Commissioner "will first compare [her] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work. 20 C.F.R. § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [her] to learn to do it. 20 C.F.R. § 416.960(b)(1). If the claimant is capable of performing her past relevant work, the Commissioner will find she is not disabled. 20 C.F.R. § 416.920(e). The claimant bears the burden of establishing that the impairment prevents her from performing past work. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Carpenter had the following RFC:

> . . . [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b) except that she should avoid unprotected heights; or operation of hazardous machinery. She should perform no driving and work in a temperature[-]controlled and clean environment, which allows an average IQ.

(Doc. 5-3 at R.46-47.) The ALJ also found that Ms. Carpenter, who was born in 1981, was a "younger individual" at the time of his decision. (*Id*. at 49.) He also found she had a high-school education and could communicate in English. (*Id*.)

The ALJ found that Ms. Carpenter could not perform her past relevant work as a general laborer, a nurse's aide, a fast-food worker, a hand packager, and/or a hotel housekeeper. (*Id*.)

### 5. Other Work in the National Economy

If the claimant establishes that she is unable to perform her past relevant work, the Commissioner must show that the claimant – in light of her RFC, age, education, and work experience – is capable of performing other work that exists in substantial numbers in the national economy. *Reynolds-Buckley*, 457 Fed. Appx. at 863; *see also* 20 C.F.R. § 416.920(c)(1). The regulations provide:

> If we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience. Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 416.960(c)(1).

Because the ALJ found Ms. Carpenter could not perform a full range of sedentary work, he consulted a Vocational Expert [VE] to determine whether any jobs exist in the national economy that Ms. Carpenter, considering her RFC and her vocational factors, could perform. The VE testified that an individual with Ms. Carpenter's limitations and vocational factors could perform the "light" jobs of cashier, ticket seller, merchandise pricer, and "sedentary" jobs of food checker, sorter, surveillance system monitor. (Doc. 5-3 at 85-89.) Based on this testimony, the ALJ found Ms. Carpenter could perform other work, and, therefore, he found she had not been under a disability since April 15, 2010. (*Id*. at 50.)

## B. ISSUES ON APPEAL

Ms. Carpenter did not file a brief in support of her appeal of the Commissioner's decision to deny her claim for SSI. Moreover, her Complaint states merely "that the findings of the Commissioner are not based upon substantial evidence and that improper legal standards were applied." (Doc. 1 ¶ 5.) This conclusory statement does not raise any specific issue of error; therefore, the court has reviewed the ALJ's decision to insure that it is based upon a correct application of the law and the findings of fact are support by substantial evidence.

Based on its review of the administrative record, the court finds that the ALJ's factual findings are supported by substantial evidence and that he correctly applied the law to those

facts. Therefore, the Commissioner's decision denying Ms. Carpenter's claim for SSI will be affirmed.

## CONCLUSION

For the reasons set forth above, the decision of the Commissioner is due to be affirmed. An Order affirming the decision of the Commissioner will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 10th day of February, 2015.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE